# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MANUEL GARCIA-BARAJAS, | 1:09-cv-0025 OWW DLB |
| Plaintiff, | SCHEDULING CONFERENCE ORDER |
| v. | Discovery Cut-Off: 5/10/10 |
| NESTLE PURINA PETCARE COMPANY, a corporation, and DOES 1 through 50, inclusive, | Non-Dispositive Motion Filing Deadline: 5/21/10 |
| | Dispositive Motion Filing Deadline: 6/10/10 |
| Defendants. | Settlement Conference Date: 5/19/10 10:00 Ctrm. 9 |
| | Pre-Trial Conference Date: 8/16/10 11:00 Ctrm. 3 |
| | Trial Date: 9/28/10 9:00 Ctrm. 3 (JT-8 days) |

I.  Date of Scheduling Conference.

   April 9, 2009.

II. Appearances Of Counsel.

   Helmer Friedman LLP by Gregory D. Helmer, Esq., and Melanie T. Partow, Esq., appeared on behalf of Plaintiff.

   Wolflick & Simpson by David B. Simpson, Esq., appeared on behalf of Defendant.

   ///

1

III. Summary of Pleadings.

A. <u>Plaintiff's Factual Contentions</u>

    1. Plaintiff Juan Manuel Garcia-Barajas ("Mr. Garcia") alleges that in March 2007, Defendant Nestlé Purina PetCare Company wrongfully terminated his employment after having worked over 17 years at the Defendant's cat litter manufacturing facility in Maricopa, Kern County, Eastern District of California. Mr. Garcia alleges that he was terminated for protesting, complaining about and refusing to engage in unreasonably dangerous activities ordered by his supervisors. On multiple occasions, Mr. Garcia refused an order to climb into a fine dust silo without adequate safety equipment (including an oxygen tank, respirator, face mask, ear plugs, protective clothing and a harness) necessary to prevent him from sustaining serious injury, falling into the sand or becoming trapped and unable to climb out. Indeed, when forced to enter the silo over his protests, Mr. Garcia became trapped, experienced difficulty breathing and had to be pulled out with a shovel. On other occasions, Mr. Garcia complained about the unreasonably dangerous conditions under which he was forced to drive heavy machinery with extremely weak brakes and bald tires over steep mountains of loose sand and dirt with poor lighting, little visibility and poor ventilation. Mr. Garcia further alleges that additional motivating factors for his termination were his protests and complaints about Nestlé Purina's failure to provide him with meal and rest periods and failure to pay him overtime and all other wages earned.

*///*

**B. <u>Plaintiff's Legal Contentions</u>.**

1. Mr. Garcia alleges that his termination violated the laws and fundamental public policies of the State of California, which among other things, mandate that employers: (1) provide a safe and secure workplace; (2) encourage employees to report to their employers unsafe and/or unhealthful workplaces; (3) prohibit employers from retaliating against employees who complain about unsafe and/or unhealthful conditions or practices and/or unlawful wage and hour practices; (4) require that employers provide adequate meal and rest periods; and (5) prohibit employers from denying overtime and other wages earned.

2. Mr. Garcia alleges that Nestlé Purina violated California Labor Code §§ 1102.5 and 6310 by retaliating against and terminating him for complaining about, reporting, protesting, and refusing to engage in unsafe conduct that he reasonably believed violated state or federal statutes and/or regulations. Mr. Garcia also alleges that Nestlé Purina's failure to pay him all wages earned (including overtime) and failure to provide meal and rest periods violated California Labor Code §§ 200, et seq., 226.7 and 500, et seq., relevant IWC Wage Orders, the California Code of Regulations and California Business and Professions Code §§ 17200, et seq. Mr. Garcia further alleges that Defendant intentionally and negligently caused him to suffer severe emotional distress.

3. Mr. Garcia alleges that as a result of Defendant's unlawful conduct, he has lost income, employment and career opportunities. Mr. Garcia seeks general, special, economic and consequential damages, restitution, punitive damages, emotional

3

distress damages, all applicable civil penalties, reasonable attorneys' fees and costs of suit.

C. <u>Defendant's Factual and Legal Contentions</u>.

1. Defendant Nestlé Purina contends Plaintiff Garcia was lawfully terminated in March 2007 for repeatedly and willfully failing and refusing to perform a required and important "operational logging" process (per Company policy and explicit management directives), for insubordination and for walking out on his supervisor in connection with attempts by management to address this issue. Plaintiff received multiple warnings about this issue. Thus, Plaintiff was not retaliatorily fired, contrary to the allegations in his complaint. Nor, contrary to his allegations, did Plaintiff ever make safety or wage complaints to management or OSHA at any time prior to his termination. Further, during his employment, Plaintiff was always paid all wages and benefits, and received all meal and break periods, to which he was legally entitled.

2. The facts will not support any of Plaintiff's statutory or common law causes of action.

IV. Orders Re Amendments To Pleadings.

1. The parties have agreed to permit Plaintiff to file a First Amended Complaint and are filing a Stipulation to that affect contemporaneously herewith. The First Amended Complaint submitted April 2, 2009, will correct what Plaintiff contends was an inadvertent omission from the complaint he originally filed.

2. Defense counsel has represented that Nestlé Purina was Plaintiff's employer during the entire applicable limitations period. Plaintiff reserves the right to seek amendment of the

pleadings to add additional individual defendants as facts are uncovered during the course of discovery.

  3. It is anticipated that a Rule 12 motion will be filed respecting the Amended Complaint.

V. Factual Summary.

 A. Admitted Facts Which Are Deemed Proven Without Further Proceedings.

  1. Juan Manuel Garcia-Barajas was at all times alleged a resident of the Eastern District of California.

  2. Defendant Nestlé Purina PetCare Company is a corporation incorporated in the State of Delaware and doing business in the Eastern District of California.

  3. Mr. Garcia was employed by Nestlé Purina PetCare Company during the period of time from November 2005 until his termination in March 2007.

  4. Mr. Garcia worked at the Maricopa facility for over 16 years - from approximately May, 1989, until March, 2007.

  5. Mr. Garcia's employment was terminated by Nestlé Purina PetCare Company in March 2007.

  6. Plaintiff was last employed by Nestlé Purina PetCare Company as a Processing Operator.

 B. Contested Facts.

  1. Whether Mr. Garcia was a non-exempt employee for the duration of his employment at the Maricopa facility.

  2. Whether Mr. Garcia's rate of pay was $17.85 per hour at the end of his employment.

  3. Whether Mr. Garcia was ordered to enter into one of the silos on the premises of the Maricopa facility by his

superior(s) on two occasions in 2006.

4. Whether Mr. Garcia objected to entering into the silo.

5. Whether Mr. Garcia protested, complained about and refused to engage in conduct that he reasonably believed to be unsafe and a violation of state or federal statutes and/or regulations at the Maricopa facility during the period of time from late 2005 until his termination in March 2007.

6. Whether Mr. Garcia's alleged protests, concerns and complaints about safety at the Maricopa facility were a motivating factor in his termination.

7. Whether Mr. Garcia's alleged refusal to engage in conduct he reasonably believed to be unsafe was a motivating factor in his termination.

8. Whether, for those days on which he worked in excess of five hours, Mr. Garcia was entitled to one uninterrupted meal period.

9. Whether, for those days on which he worked in excess of ten hours, Mr. Garcia was entitled to two uninterrupted meal periods.

10. Whether Mr. Garcia waived his meal and rest periods.

11. Whether Mr. Garcia agreed to an on-duty meal or rest period.

12. Whether Mr. Garcia was denied meal and rest periods.

13. Whether Nestlé Purina failed to pay Mr. Garcia for work he performed in lieu of taking uninterrupted meal and rest

1 periods.

14. Whether Mr. Garcia protested and complained about his alleged failure to receive meal and rest periods during the period of time from late 2005 until his termination in March 2007.

15. Whether Mr. Garcia's alleged protests and complaints about Nestlé Purina's failure to provide meal and rest periods was a motivating factor in his termination.

16. Whether, during the period of time from late 2004 until his termination in March 2007, Mr. Garcia worked overtime (in excess of eight hours) for over 90% of his shifts.

17. Whether Nestlé Purina failed to pay Mr. Garcia for all overtime hours he worked.

18. Whether Mr. Garcia protested and complained about Nestlé Purina's failure to pay him for all overtime hours worked during the period of time from late 2005 until his termination in March 2007.

19. Whether Mr. Garcia's alleged protests and complaints about his alleged failure to receive overtime pay was a motivating factor in his termination.

20. Whether Mr. Garcia's work performance was satisfactory or better at the end of his employment.

21. Whether Mr. Garcia was eligible for a quarterly bonus under Nestlé Purina's gainshare program as a term of his employment.

22. Whether Mr. Garcia received a bonus for the fiscal year ending in December 2007.

23. Whether Mr. Garcia was denied all unpaid wages due

to him upon his termination.

24. Whether Nestlé Purina was unjustly enriched: by its failure to provide Mr. Garcia with meal and rest periods; by its alleged failure to pay Mr. Garcia for all overtime worked; by its alleged failure to pay Mr. Garcia his earned bonus; and by its alleged failure to pay Mr. Garcia all unpaid wages due to him upon his termination.

25. Whether Mr. Garcia was harmed and sustained damages as a result of being terminated by Nestlé Purina.

26. Whether Nestlé Purina's conduct was a substantial factor in causing Mr. Garcia's harm and damages.

27. Whether Nestlé Purina engaged in conduct that was outrageous.

28. Whether Nestlé Purina was negligent.

29. Whether Nestlé Purina intended to cause Mr. Garcia emotional distress.

30. Whether Nestlé Purina acted with reckless disregard of the probability that Mr. Garcia would suffer emotional distress knowing that Mr. Garcia was present when the outrageous conduct occurred.

31. Whether Mr. Garcia suffered emotional distress.

32. Whether Nestlé Purina's conduct was a substantial factor in causing Mr. Garcia's severe emotional distress.

33. Whether Plaintiff ever complained to Nestlé Purina or OSHA prior to his termination about wage/hour or safety issues.

34. Whether (during the limitations period) Plaintiff was paid all wages and benefits, and received all meal and break

periods, to which he was entitled.

35. Why Plaintiff's employment was terminated.

36. Whether Plaintiff refused to comply with management's alleged directives about participation in an "operational logging" procedure.

37. Whether Plaintiff was terminated because he allegedly refused to comply with management's alleged directives about participating in an "operational logging" procedure.

38. Whether Defendant Nestlé Purina PetCare Company is the successor in interest and inherited all liabilities of the Ralston Purina Company as a result of their merger in 2001, including all liabilities pertaining to Mr. Garcia's employment for the entire statute of limitations period in question.

VI. Legal Issues.

A. Uncontested.

1. Jurisdiction exists under 28 U.S.C. § 1332.

2. Venue is proper under 28 U.S.C. § 1391.

3. The parties agree the substantive law of the State of California provides the rule of decision in this diversity action.

4. Mr. Garcia was subject to the overtime, break and meal period laws of California, as stated in the California Labor Code and applicable IWC Wage Order.

B. Contested.

1. Whether the rate of overtime applicable to Mr. Garcia is one and one-half times his regular rate of his pay for time worked in excess of eight hours in one workday.

2. Whether the rate of overtime applicable to Mr.

Garcia is one and one-half times his regular rate of his pay for time worked in excess of 40 hours in one workweek.

       3.    Whether the rate of overtime applicable to Mr. Garcia is one and one-half times his regular rate of pay for the first eight hours worked on the seventh day of work in any one workweek.

       4.    Whether the rate of overtime applicable to Mr. Garcia is no less than twice his regular rate of pay for any work in excess of 12 hours in one day.

       5.    Whether one workday is eight hours.

       6.    Whether the rate of overtime applicable to Mr. Garcia is no less than twice his regular rate of pay for any work in excess of eight hours worked on the seventh day of work in any one workweek.

       7.    Whether Mr. Garcia was entitled to an uninterrupted meal period of not less than 30 minutes for a work period of more than five hours when his total work period exceeded 6 hours.

       8.    Whether Mr. Garcia was entitled to a second uninterrupted meal period of not less than 30 minutes for a work period of more than ten hours when his total work period exceeds 12 hours.

       9.    Whether Mr. Garcia was entitled to meal and rest periods.

       10.   Whether Mr. Garcia was entitled to one 10 minute rest period for every four hours worked.

       11.   Whether Defendant Nestlé Purina PetCare Company terminated Mr. Garcia in violation of public policies of the

State of California.

12. Whether Defendant Nestlé Purina PetCare Company violated California Labor Code § 1102.5 by terminating Mr. Garcia for disclosing violations to OSHA and refusing to participate in unsafe activities.

13. Whether Defendant Nestlé Purina PetCare Company violated California Labor Code § 6310 by discriminating against and terminating Mr. Garcia for complaining about matters he reasonably believed to be unsafe.

14. Whether Defendant Nestlé Purina PetCare Company violated California Labor Code §§ 200, et seq., and IWC Wage Orders for failing to pay Mr. Garcia all wages and benefits due to him immediately upon his termination.

15. Whether Defendant Nestlé Purina PetCare Company violated California Labor Code § 226.7 by forcing Mr. Garcia to work during meal and rest periods.

16. Whether Defendant Nestlé Purina PetCare Company violated California Labor Code §§ 500, et seq., by failing to provide or regularly make a meal period available to Mr. Garcia.

17. Whether Defendant Nestlé Purina PetCare Company engaged in unfair business practices and competition in violation of California Business and Professions Code §§ 17200, et seq., by failing to: (1) provide Mr. Garcia meal and rest periods; (2) pay Mr. Garcia overtime; (3) failing to pay all other wages earned, including his earned bonus; and (4) pay Mr. Garcia all his wages due upon termination.

18. Whether Defendant Nestlé Purina PetCare Company intentionally inflicted emotional distress upon Mr. Garcia.

11

19. Whether Defendant Nestlé Purina PetCare Company negligently inflicted emotional distress upon Mr. Garcia.

20. Whether Plaintiff is entitled to any pleaded remedies.

21. Whether any of Defendant's pleaded affirmative defenses bar Plaintiff's recovery in whole or in part.

22. Whether Defendant is entitled to costs and/or attorneys fees against Plaintiff.

VII. Consent to Magistrate Judge Jurisdiction.

1. The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII. Corporate Identification Statement.

1. Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities. A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX. Discovery Plan and Cut-Off Date.

1. The parties agreed to and did exchange their Rule 26(a) Initial Disclosures on March 18, 2009.

2. Discovery cut-off (last day to serve responses) is Friday, February 12, 2010. The parties expect to take discovery on the subject areas set forth in Plaintiff's Complaint and Defendant's Answer. The provisions of Fed. R. Civ. Proc. 26 shall apply to all discovery relating to experts and their opinions. The deadline for initial expert witness disclosures i

March 10, 2010.

3. Instructions were issued by Defendant to preserve and maintain any electronically stored information relevant to Plaintiff's claims.

4. Defendant expects to assert attorney-client privilege pertaining to communications made with in house counsel for Defendant Nestlé Purina PetCare Company. Plaintiff expects that the spousal communication, attorney-client and constitutional privacy privileges may be implicated.

5. The parties held their conference of counsel telephonically on March 5, 2009, and March 19, 2009, and agreed to the following changes in the discovery limits imposed by the Federal Rules:

   a. A maximum of 14 hours for the depositions of plaintiff Juan Garcia and witness Paula Harris;

   b. The parties will reasonably consider extending the 14 hour limit for the depositions of Plaintiff and Paula Harris provided the questioning is non-repetitive, reasonably necessary and not intended to harass the party or witness;

   c. The parties will reasonably consider extending the seven hour time limit for the depositions of those witnesses who require an interpreter provided the additional questioning is non-repetitive, reasonably necessary and not intended to harass the party or witness;

   d. The parties agreed to permit service of 35 interrogatories.

6. The parties are ordered to complete all non-expert discovery on or before February 12, 2010.

7. The parties are directed to disclose all expert witnesses, in writing, on or before March 10, 2010. Any rebuttal or supplemental expert disclosures will be made on or before April 9, 2010. The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations. Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

8. The parties are ordered to complete all discovery, including experts, on or before May 10, 2010.

9. The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions.

X. Pre-Trial Motion Schedule.

1. All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before May 21, 2010, and heard on June 25, 2010, at 9:00 a.m. before Magistrate Judge Dennis L. Beck in Courtroom 9.

2. In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d). However, if counsel does not obtain an order shortening time, the notice of motion must comply

with Local Rule 251.

    3.    All Dispositive Pre-Trial Motions are to be filed no later than June 10, 2010, and will be heard on July 12, 2010, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor. In scheduling such motions, counsel shall comply with Local Rule 230.

XI. Pre-Trial Conference Date.

    1.    August 16, 2010, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.    The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

    3.    Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference. The Court will insist upon strict compliance with those rules.

XII. Motions - Hard Copy.

    1.    The parties shall submit one (1) courtesy paper copy to the Court of any motions filed that exceed ten pages and any motions that have exhibits attached. Exhibits shall be marked with <u>protruding numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

XIII. Trial Date.

    1.    September 28, 2010, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.    This is a jury trial.

3. Counsels' Estimate Of Trial Time:

    a. 6-8 days.

4. Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XIV. Settlement Conference.

1. A Settlement Conference is scheduled for May 19, 2010, at 10:00 a.m. in Courtroom 9 before the Honorable Dennis L. Beck, United States Magistrate Judge.

2. Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

3. Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship. If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

4. Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement. The statement should not be filed with the Clerk of the Court nor

served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

    5.    The Confidential Settlement Conference Statement shall include the following:

        a.    A brief statement of the facts of the case.

        b.    A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

        c.    A summary of the proceedings to date.

        d.    An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

        e.    The relief sought.

        f.    The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XV.   Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

    1.    The parties anticipate the need for an interpreter. Any trial shortening method shall be addressed by motion.

XVI. Related Matters Pending.

    1.    There are no related matters.

XVII.    Compliance With Federal Procedure.

   1.   The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California. To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVIII.   Effect Of This Order.

   1.   The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

   2.   Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

   3.   Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   April 9, 2009                 /s/ Oliver W. Wanger
                                   UNITED STATES DISTRICT JUDGE